# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VANUZIA DE MORAES,            )
                              )
    Plaintiff,              )
                              )
v.                            )     1:24CV271
                              )
SIMON MAYO ALEMAN and         )
AMAYRA FONZ TELLO,            )
                              )
    Defendants.             )

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Vanuzia de Moraes' ("Plaintiff") application to proceed *in forma pauperis* ("IFP") in her action against Simon Mayo Aleman ("Aleman") and Amayra Fonz Tello ("Tello") (collectively, "Defendants"). (Docket Entry 1.) The Court will review the Complaint (Docket Entry 2, "Compl.") to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1

reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, … bare assertions devoid of factual enhancement[,] … unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Hill v. Se. Reg'l Med. Ctr.*, No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *report and recommendation adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal).

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here, the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A complaint must

affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). One basis for subject matter jurisdiction, so-called federal question jurisdiction, exists when a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another, so-called diversity jurisdiction, exists when the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332.

Venue is an issue distinct from jurisdiction. The proper venue for a plaintiff to pursue a federal civil action is

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Lastly, the Court notes that *pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). "While the Court must liberally construe Plaintiff's filings and draw reasonable inferences in [her] favor, it is not required to plead Plaintiff's case for [her] or assume facts where none have been presented." *Weakley v. Homeland Sec. Sols., Inc*, No. 3:14CV785, 2015 WL 11112158, at *11 (E.D. Va. May 19, 2015) (unpublished), *report and recommendation adopted sub nom. Weakley v. Homeland Sec. Sols., Inc.*, No. 3:14CV785, 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015).

3

Here, on March 25, 2024, Plaintiff filed an IFP Application[1] on which she writes:[2] "I lost everything I have just my life he took all my income I am under food stamp. Very poor now sick. Need financial support in my case. … 3 year UNCC stoped [sic] by fraud." (Docket Entry 1 at 5.)[3] Plaintiff's Complaint is titled "Motion for fraud defamation of character malicious intention forgery emotional and domestic violence harassment alienation of affection conspiracy racketeering." (Compl. at 1.) Said Complaint states:

> I come here to claim all the crimes above against my ex and his mistress who together planed [sic] and did fraud in my marriage her using people from Mexico and here to break my marriage and take my life away mean business house and more he joint her with these people and did lot crimes against me implanting organized crimes and taking what I work for my whole life shew [sic] was calling and he same treating me and harassing me by phone and he was like monster for me inside of the house like I never knew him before she was constantly with him by phone and saying to him how act and calling my phone doing treats they were planning take me out of my business with lot crimes and organized people helping them he did try implant one fake affair to take out since both were doing adultery what is one misdemeanor in NC they get away with all crimes since he pay lot people to help them since September 2019 after one trip to Mexico where we were married that woman was already implanted being his mistress at his sister house when I come back from Mexico the things was complete one terror that man change like never I saw before he was in constant talk with her by phone video call and she was ordering him to make horror with me after September 2019 he run away with the computer of the

---

[1] Also on March 25, 2024, Plaintiff also filed a similar action in this Court naming "Union County Police Department" as a Defendant and mentioning her ex-husband and his alleged mistress in the Complaint therein. (*See* Case No. 1:24CV268). The undersigned recommended that said action be transferred to the Western District of North Carolina in a separate Order and Recommendation. (*Id.*) Plaintiff has also filed a previous action in the Western District of North Carolina naming Aleman as a Defendant and accusing him of violating 42 U.S.C. § 1983. (*See Moraes v. Aleman*, No. 3:21CV00468 (W.D.N.C. Sept. 7, 2021.) That action was dismissed for failure to state a claim. (*Id.*)

[2] Summaries and quotations provided are the Court's best effort to discern Plaintiff's handwriting, which is difficult to read. Standard punctuation and capitalization are added for ease of reading. *See Johnson v. City of Durham*, No. 1:09CV954, 2011 WL 4625730, at *1 n.1 (M.D.N.C. Sept. 30, 2011).

[3] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

house to never come back again sound everything was planed [sic] very well he get company and his citizenship under control he blind me from location hours and quantity of people working in business of marriage what I work to star with him I could not know how many hours how many projects were doing also was one contract of 147 k what he never pay the profit denied the guy Alan don't pay was not true he was doing fraud on me with her and before often checks of work done never come to my he really did the evil work with her she was planning and he was doing with her my life became hell and even my dog was stolen after he come to my place saying if I want I can take max from you in December after he left the house after he committed a lot mental and domestic violence don't give the right portion of business blinding me for everything I was not eating very depressed trying survive lot mental violence done for both of them I went in my first time to one up (tinder) so when I went to tinder my phone was hack by organized crime since Virginia and Mexico and one black man use one picture on me of doctor send by her orders his name Patrice observation Sion pronounce that man before in the house asking if I knew him well after while I found the true and the doctor picture was found by me at google used by international mafia I confront the guy he show himself to me and confess all what Simon was doing to me even police in Union know some prostitutes of hotel 8 were I catch Simon there with pimps Maria I have talk with her and she said lot to me well with the time when was used the picture on me using fake build video of the doctor I took one scream picture of me and fake video call thinking was the doctor who was talking with me and sent to Patrice well like the cousin of my ex was saying to me in call from Mexico he was paying cartel to hack my phone and build fake affair in me to kick me out of business and get alone with the money and don't pay even alimony strange is union court judge always ask his lawyer what he want and make what he want mute my evidences and voice same thing like police I believe lot things was done against my wife rights and I feel they stole my money lot money my lawyer said to me he act putting also fake paper at sun valley school to defaming me and put me in jail to win the case pending in courts that woman Amayra Fonz Tello and her brother is behind this because what schmers [sic] and people were saying she want my position money and fix her citizenship in USA I believe deeply she and him are cartel member since lot people who are at hotel 8 monroe said to me he was dealing with lot prostitution there and the boy his nephew was brain washed was one man coach at sun valey [sic] school was going drop Samuel with 16 years old at the moment in my house Samuel became very rebel and he was used the coach at sun valley to manipulated and put Samuel by Simon side this is how mafia organization works I will attach some pictures explain who is who and show Amayra was Mexico while I was married she was implanted already part of huge scheme to win over me recruiting him also my car the marriage car at hotel 8 Monroe in 2019 also picture of the doctor and how he has my picture take by me and sent to Patrice if he is not connected with crimes I have lot voice records people conversation with me also my phone picture log in in Virginia, lot crimes were done while I move to concord one car hit me at gas station and run with no plate by Spanish man my dog was stole from my apt I was sexual assault inside food lion all

to intimidate me federal courts can call concord and Cabarrus police dept all this was done paying people to intimidate me well less what I asking is financial compensation to pay me out the company what was illegal gave to him even one alimony was not designed to me that woman is having luxury life with my money he brough [sic] one house for his mother r [sic] in Mexico with my money put business and buying properties in Mexico and playing poor guy here in USA observation the properties and business are his family name and Amayra money what he stole from marriage since 2018 and I was denouncing him and union police dept and court in union were playing blinding and deaf denied report against him and no protecting my rights what to me smell lot fish that woman now have my money and everything what I did work for luxury life vacation louis v and vacation with him and Samuel in hotels of 1500 dolls [sic] night and high restaurants while I passing lot need e [sic] after fraud and living in ghetto apt very sick after all attacks done by organized crimes and lot emotional pain because was him Simon who was behind this and Samuel went his side because money and lot manipulation my dog max what was son for me is one years since the organized crime stole my dog I want each one pay 1 million dolls [sic] to compensate what was stolen or jail time for each crime they did against me that woman is evil and I know this and he don't regret became same as her because power and she can take his money to Mexico and her brother have power to do well our honor I don't want these people I just want justice in money compensation or jail for each crimes done against me by them he has money and is building empire inn Mexico passing in social media in my face my money what was stolen from me in my face took by fraud I hope justice be set in both of them very high fraud and abuse crimes like this is devasted in one person who gave all her life to build and come criminal recruit and take away everything even the dog. Observation sending pictures to help explain my case[.]

(*Id.* at 1-4.) Plaintiff attaches a Civil Cover Sheet dated March 25, 2024, that states, "he and her did fraud, conspiracy, adultery, and more" (Docket Entry 2-1 at 1). Said Civil Cover Sheet indicates that the instant action is being brought as a tort action for "other fraud[;]" Plaintiff does not indicate the statutory or jurisdictional basis, if any, on which she purports to bring this action. (*See id.*) Plaintiff also filed a 92-page Supplement that contains, to wit, various photographs of: Plaintiff, Defendants, a foot, a vehicle in a parking lot, a shopping cart in a grocery store, a bruised body part, someone apparently named "Sheriff Adebola[,]" someone apparently named "Melanie Allen[,]" a dog, a broken door, a mother's day card, a house, various apparent family photographs, various apparent screenshots from a phone, and a news

6

story about a coach named Jeffrey Schneider in Union County arrested and charged with 10 counts of Felony Second-degree sexual exploitation of a minor. (Docket Entry 3.) Much of said Supplement contains handwritten annotations, many of which are illegible. (*See id.*)

Here, as evidenced by the foregoing excerpts, Plaintiff's filings are difficult to parse. As best this Court can discern, the underlying dispute appears to center around Plaintiff's contention that Defendants subjected her to "alienation of affection" and various types of "fraud[,]" "conspiracy[,]" and abuse, and were otherwise guilty of "racketeering" and "organized crimes[;]" that they harassed her; that they committed adultery; that Aleman "r[a]n away with the computer of the house to never come back again[;]" that Plaintiff's dog and money were stolen; that Aleman "committed a lot mental and domestic violence[;]" that Plaintiff's phone was "hack[ed] by organized crime[;]" that Aleman defamed Plaintiff; that Aleman was involved in or affiliated with prostitution; that "Samuel" was "manipulated" by "the coach at sun valley[;]" that Plaintiff was the victim of a hit and run at a gas station and that Plaintiff was "sexually assault[ed] inside food lion all to intimidate [her;]" that Plaintiff's alimony payments were misused by Defendants[;] that local law enforcement agencies and courts ignored complaints made by Plaintiff; and that Plaintiff is seeking $1 million in compensatory damages for the above. (*See generally* Compl.; *see also* Docket Entry 2-1.)

Although some of the above allegations, construed generously, may constitute causes of action under state law, Plaintiff makes no allegation that this Court may properly exercise its jurisdiction over the instant action. Plaintiff does not allege that Defendants are citizens of a different state such that federal jurisdiction would be conferred pursuant to 28 U.S.C. § 1332. Nor does Plaintiff cite to any federal law, the federal Constitution, or a United States treaty such

that federal-question jurisdiction would be conferred pursuant to 28 U.S.C. § 1331. Thus, the instant action lacks an arguable basis in law. "As such, this Court lacks subject matter jurisdiction to hear Plaintiff's claims as presently presented, and the case should be dismissed without prejudice to her pursuing her claims in state court or filing a new complaint [in the proper venue] establishing a basis for federal jurisdiction." *Salami v. Ameriprise Auto & Home Ins.*, No. 1:19CV371, 2019 WL 5783551, at *2 (M.D.N.C. June 27, 2019) (unpublished), *report and recommendation adopted*, No. 1:19CV371, 2019 WL 5783549 (M.D.N.C. July 18, 2019).

Furthermore, the undersigned finds that the Middle District is an improper venue for the instant action. Plaintiff does not allege that either Defendant resides in this District. She does not allege that there is no district in which the instant action may be otherwise brought. Nor does she allege that any of the events described took place in this District, nor that she or anyone mentioned in any of her filings has ever been in this District. Instead, each of the locations referenced in the Complaint allegedly took place at locations ("UNCC" (to wit, the University of North Carolina at Charlotte), "sun valley school" (to wit, Sun Valley High School in Monroe, North Carolina), "jail" (to wit, Union County Jail, also in Monroe) and "union" (to wit, Union County)) that are in the Western District of North Carolina. 28 U.S.C. § 113. Similarly, the Civil Cover Sheet alleges that Aleman resides in the Western District of North Carolina, because Plaintiff lists his address as being located in Monroe, North Carolina. *See* 28 U.S.C. § 1391(c), (d).

Thus, the undersigned finds that Plaintiff has thus pled insufficient facts to establish that venue is proper in the Middle District of North Carolina. *See* 28 U.S.C. § 1391(b). Having made this determination, the Court now has discretion to decide whether to transfer or dismiss this action. "28 U.S.C. § 1406(a) dictates that 'the district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005). "The statute permits courts to dismiss an action if venue is improper, but 'in most cases of improper venue … courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss.'" *Id.* (citing 15 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3827 at 268 (2d ed. 1986); *see also MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561, 566 (D.Md. 2003) (stating that claims can be dismissed after a finding of lack of venue)).

Here, because Plaintiff has failed to allege that any federal court could have jurisdiction over the instant action, the undersigned finds that the interests of justice would not be served by transferring the instant action to the Western District of North Carolina. "Accordingly, the court finds that dismissal pursuant to 28 U.S.C. § 1406(a) is appropriate." *Hackos*, 378 F. Supp. 2d at 634.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that Plaintiff's Complaint (Docket Entry 2) be **DISMISSED** as frivolous and for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ Joe L. Webster
United States Magistrate Judge

May 14, 2025
Durham, North Carolina